**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 24-00137-TFM-1** |
| | * | |
| **BRAXTON A. THOMAS** | * | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, respectfully submits this sentencing memorandum in advance of the sentencing of defendant Braxton A. Thomas ("Thomas"), which is scheduled for December 4, 2025, at 2:00 pm. Doc. 374 (text-only order). The United States has filed notice that the sentencing hearing will exceed 30 minutes. Doc. 335; S.D. Ala. CrLR 32(b)(5).

The United States files this sentencing memorandum to provide details to the Court regarding Thomas's flagrant continued criminal conduct, which he committed both before *and after* his guilty plea in this case. While under the supervision of this Court, Thomas carried on dealing bulk methamphetamine and other drugs. As a result, the presentence investigation report ("PSR") has removed an acceptance-of-responsibility adjustment and recommends that the Court impose a life sentence. Based on the Section 3553(a) factors, and for the reasons discussed below, that recommendation is appropriate and the Court should adopt it.

All dates, times, amounts, and locations referenced in this memorandum are approximations.

## I. BACKGROUND REGARDING THE DEFENDANT'S COMMISSION OF CRIMINAL CONDUCT WHILE ON RELEASE CONDITIONS IN THIS CASE

Thomas admitted that for a multiyear period between at least 2021 and 2024, he led a drug-trafficking organization that was responsible for distributing many kilograms of pure methamphetamine. Doc. 359, ¶¶ 5–27. On one occasion in March 2024, for example, agents monitoring a wiretap of Thomas's phones interdicted Thomas while he and his coconspirators were transporting more than 26 pounds of pure methamphetamine from Atlanta, Georgia to Mobile, Alabama. *Id.*, ¶¶ 24–25. One of Thomas's coconspirators was armed with a loaded .40 caliber pistol during the fateful trip. *Id.* Thomas admitted to agents that he sold kilograms of methamphetamine and earned tens of thousands of dollars' worth of illicit profits doing so.

On September 25, 2024, the Court arraigned Thomas on the indictment and released him on conditions. Docs. 67, 78. Those conditions included that Thomas "shall not commit any offense in violation of federal, state or local law while on release in this action," and that he must maintain an approved residence at a location on O'Connor Street in Mobile. Doc. 78, PageID.165, 167.

On March 20, 2025, Thomas pleaded guilty to a methamphetamine-trafficking conspiracy. Docs. 218, 220. Because Thomas has a prior serious violent felony conviction (manslaughter), he acknowledged that faces a 15-year statutory minimum sentence and a maximum sentence of life in prison. *Id.* Following Thomas's guilty plea, the Court set Thomas for sentencing and allowed him to remain on conditions of release. Doc. 220. But Thomas flouted the Court's release conditions, both before *and after* he pleaded guilty in this case.

*First*, on December 8, 2024—before his guilty plea but while on conditions—Thomas met Ladarrius Markeil Fields ("Fields") for a drug deal at the Love's Travel Stop in Whistler, Alabama. Thomas sold what Fields expected to be two and a half pounds of methamphetamine for $2,500.

Thomas "shorted" Fields one pound of methamphetamine, however, so he and Fields coordinated to meet the next day to correct the transaction.

At 10:30 am on December 9, 2024, Mobile County Sheriff's Office ("MCSO") deputies interdicted Fields as he was arriving at the Love's Travel Stop to meet Thomas to obtain additional methamphetamine. Fields tossed the pound of methamphetamine provided by Thomas from the window of his car as deputies attempted to pull him over. Agents recovered the methamphetamine, which Fields admitted Thomas had sold him. Fields further admitted that Thomas had been selling him large amounts of methamphetamine for at least two months, between October and December 2024. This all occurred while Thomas was subject to this Court's release conditions.[1]

*Second*, on April 7, 2025—*after* Thomas pleaded guilty—MCSO deputies interdicted Thomas as he was attempting to sell methamphetamine to a confidential informant in Eight Mile, Alabama. Agents recovered more than a pound of methamphetamine that Thomas had attempted to hide behind a vehicle's tire before agents arrested him (*see* Figure 1 below). Thomas told agents, "y'all got me, let's get this over with."

[1] On October 21, 2025, Fields pleaded guilty to a methamphetamine-trafficking conspiracy in this Court. *United States* v. *Fields*, No. 1:25-cr-00165-WS, ECF No. 20 (S.D. Ala. Oct. 21, 2025) (plea agreement and factual resume). The United States has produced materials regarding Thomas's distribution of methamphetamine to Fields in December 2024. *See* Bates Nos. 00019171–00019197. The United States will present testimony and evidence at Thomas's sentencing hearing to provide further details about this incident to the Court.



***Fig. 1*** (methamphetamine possessed by Thomas on Apr. 7, 2025).

During a subsequent interview, Thomas admitted to agents that the drugs had come from Atlanta two days earlier and were part of a two-kilogram purchase. Thomas told agents that he only bought drugs in kilogram amounts and that he bought them from a supplier who was in federal prison. Thomas told agents that he was storing three additional kilograms of methamphetamine, nine ounces of powder cocaine, and a pill press at his house on O'Connor Street in Mobile. Agents executed a search warrant at the house and recovered, among other things, large amounts of methamphetamine, cocaine, an illegal pill press, cash, firearms, and drug paraphernalia (*see* Figure 2 below).




***Fig. 2*** (drugs and other items seized from Thomas's house on Apr. 7, 2025).

On April 8, 2025, the United States filed a motion to revoke Thomas's release order and a notice that he had breached his plea agreement by committing serious new criminal conduct. Doc. 238. Following a hearing on April 11, 2025, the Court revoked Thomas's bond and ordered him to be detained pending sentencing. Doc. 246. The PSR correctly denies Thomas an acceptance-of-responsibility reduction because he was arrested by MCSO and charged with trafficking methamphetamine based on the above-described incident. Doc. 359, ¶¶ 31–32.

## II. DISCUSSION OF THE SECTION 3553(a) FACTORS

The United States submits that Thomas's serious continued drug trafficking while on release conditions in this case is relevant conduct that the Court should consider under U.S.S.G. § 1B1.3. Indeed, it illustrates the severity of Thomas's crimes. 18 U.S.C. § 3553(a)(1). It also underscores the acute need for the Court's sentence to "promote respect for the law," *id.* § 3553(a)(2)(A), to afford specific and general deterrence, *id.* § 3553(a)(2)(B), and to protect the public from further crimes by Thomas, *id.* § 3553(a)(2)(C).

Thomas shot and killed a victim in September 2012, for which he was convicted of manslaughter. Doc. 359, ¶ 47. Notably, neither that serious prosecution in the Mobile County Circuit Court nor the United States' prosecution of this serious drug-trafficking case has deterred Thomas from committing additional crimes, even while under a federal court's release conditions. Thomas's continued crimes stand in stark contrast to his statement to the Probation Office that he "accept[s] responsibility" and "*will not do something like this again*." *Id.* ¶ 31 (emphasis added). The Court should calibrate its sentence to address Thomas's demonstrated likelihood of recidivism. *See, e.g.*, *United States* v. *Raimondi*, 620 F. App'x 803, 805 (11th Cir. 2015) (unpublished) ("[C]ontinued criminal conduct after arrest evidences unwillingness to turn away from the criminal lifestyle that led to the initial arrest, and, therefore, shows the defendant has not accepted responsibility."); *United States* v. *Browning*, 668 F. App'x 182, 184 (8th Cir. 2016) (unpublished) (affirming denial of acceptance of responsibility and reasonableness of sentence where defendant was "particularly incorrigible" and "continued dealing in illegal substances while on pretrial supervision").

In this case, the Guidelines appropriately call for a life sentence. *Id.* ¶ 73. Thomas has thumbed his nose at the United States and this Court over and over again. He cannot and will not

be deterred from flooding the community with massive amounts of dangerous drugs. So, the Court should exercise its responsibility to incapacitate him from doing so. Permanently.

## III. CONCLUSION

For the reasons stated above, this Court should sentence Thomas to life imprisonment.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

*/s/ Justin D. Roller*
Justin D. Roller
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441-5845
justin.roller@usdoj.gov