IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

MOBILE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>versus<br><br>BRAXTON A. THOMAS, DENNIS CARL HAYWARD, JR., DAWAAN A. HASEEB, AND LARRY JEROME HUNTER<br><br>Defendants. | Case No. 24-cr-137TFM-MU<br><br>MARCH 20, 2025<br>PLEA HEARING |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JUDGE TERRY F. MOORER

UNITED STATES DISTRICT JUDGE

SUSAN A. ZIELIE, CVR-CM-S, FCRR
STENOGRAPHIC COURT REPORTER
United States District Court
Southern District of Alabama
155 Saint Joseph Street
Mobile, Alabama 36602
thatfantasticfcrr@gmail.com

APPEARANCES

For Plaintiff/USA:

JUSTIN ROLLER, AUSA

For Defendant Thomas:

JONATHAN BLAKE FRIEDLANDER, ESQ.

For Defendant Hayward, Jr:

BRIAN JOSEPH LOCKWOOD, ESQ.

For Defendant Haseeb:

T. JEFFERSON DEEN, ESQ.

For Defendant Hunter:

SONDRA ANNETTE DEMPSEY, ESQ.

MOBILE, ALABAMA; THURSDAY, MARCH 20, 2025

11:40 A.M.

THE COURT: I'm calling for change of plea the case of United States versus Braxton A. Thomas, Dennis Carl Hayward Jr., Dawaan A. Haseeb, and Larry Jerome Hunter, Case Number 24-cr-137.

Gentlemen, let me explain to you how we're going to proceed. In a moment, I'm going to have each of you take the oath, and I'm going to be asking each of you the same question. Mr. Thomas will respond to whatever question I ask first. Mr. Hayward will respond next. Mr. Haseeb will respond next. And, then, Mr. Hunter will respond last.

There will come a point where I'm going to ask you some individual questions; and, when I do, I will let you know that. Mr. Thomas will be the first one. Then I will go to Mr. Hayward. Then to Mr. Haseeb. And, then, to Mr. Hunter.

After I finish the individual questions, then we'll go back to group questions, with Mr. Thomas going first, Mr. Hayward going second, Mr. Haseeb third, and Mr. Hunter last.

We'll begin with each of you raising your right hand and taking the oath.

Each of you stick up your right hand and take

the oath.

[DEFENDANTS THOMAS, HAYWARD, HASEEB AND HUNTER SWORN]

DEFENDANT THOMAS: I do.

DEFENDANT HAYWARD: I do.

DEFENDANT HASEEB: I do.

DEFENDANT HUNTER: I do.

THE COURT: You can put your hand down.

Do you understand that you are now under oath; and, if you answer of my question falsely, you will be subject to a later prosecution for perjury or making a false statement?

Staring with Mr. Thomas.

DEFENDANT THOMAS: Yes, sir.

THE COURT: Mr. Hayward.

DEFENDANT HAYWARD: Yes, sir.

THE COURT: Mr. Haseeb.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: What is your full name?

DEFENDANT THOMAS: Braxton Harris Thomas.

DEFENDANT HAYWARD: Dennis Carl Hayward, Junior.

DEFENDANT HASEEB: Dawaan Abdul Haseeb.

DEFENDANT HUNTER: Larry Jerome Hunter.

THE COURT: How old are you?

DEFENDANT THOMAS: 38.

DEFENDANT HAYWARD: 36.

DEFENDANT HASEEB: 44.

DEFENDANT HUNTER: 42.

THE COURT: How far did you go in school?

DEFENDANT THOMAS: Completed high school.

DEFENDANT HAYWARD: Completed high school.

DEFENDANT HASEEB: 8th grade.

DEFENDANT HUNTER: 10th grade.

THE COURT: Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?

DEFENDANT THOMAS: No, sir.

DEFENDANT HAYWARD: No, sir.

DEFENDANT HASEEB: No, sir.

DEFENDANT HUNTER: No, sir.

THE COURT: Are you currently under the influence of any drug, medicine, or alcoholic beverage of any kind?

DEFENDANT THOMAS: No, sir.

DEFENDANT HAYWARD: No, sir.

DEFENDANT HASEEB: No, sir.

DEFENDANT HUNTER: No, sir.

THE COURT: Have you seen a copy of the Indictment; that is, the formal written charge that has

been brought against you by the grand jury for the Southern District of Alabama?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Have you had an opportunity to discuss the Indictment and the case that's pending against you, generally, with your attorney?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in this matter by your attorney?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: It's my understanding that each of you have reached a Plea Agreement with the government.

Am I correct?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Have you had an opportunity to discuss the plea agreement with your attorney?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you understand the terms of the Plea Agreement?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes.

THE COURT: Did anyone force you or threaten you in any way to get you to enter into the Plea Agreement?

DEFENDANT THOMAS: No, sir.

DEFENDANT HAYWARD: No, sir.

DEFENDANT HASEEB: No, sir.

DEFENDANT HUNTER: No, sir.

THE COURT: If you enter a plea of guilty here today, I will later be the judge to sentence you. I do not know what sentence you will receive if you enter a plea of guilty today, and no one else does. I can enter any sentence that the law may allow, up to and including

the maximum sentence.

Do you understand that, if I were to do that, you would not be able to take your plea of guilty back and change it to not guilty?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Did anyone force you or threaten you in any way to get you to plead guilty?

DEFENDANT THOMAS: No, sir.

DEFENDANT HAYWARD: No, sir.

DEFENDANT HASEEB: No, sir.

DEFENDANT HUNTER: No, sir.

THE COURT: Other than what's set out in your Plea Agreement, did anyone make any promises or representations to you of any kind to get you to plead guilty?

DEFENDANT THOMAS: No, sir.

DEFENDANT HAYWARD: No, sir.

DEFENDANT HASEEB: No, sir.

DEFENDANT HUNTER: No, sir.

THE COURT: Are you pleading guilty of your own free will and because you are, in fact, guilty?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: I see that each of you intends to enter a plea of guilty to Count 1 of the Indictment.

Count 1 alleges that: From in or about October of 2021, continuing through in or about May of 2024, the exact dates being unknown, in the Southern District of Alabama and elsewhere, each of you, and others known and unknown to the grand jury, knowingly and intentionally conspired with one another, both known and unknown to the grand jury, to knowingly and intentionally possess with intent to distribute methamphetamine, actual, in violation of Title 21 US Code Sections 841 and 846.

And it goes on to allege that the quantity of the actual methamphetamine attributable to you is more than 50 grams. Therefore, the enhanced provisions of Title 21 Section 841(a)(1) apply.

With respect to Count 1, the maximum punishment that could be imposed upon you is a term of imprisonment of no more than life, and a mandatory minimum term with respect to Mr. Thomas of a mandatory minimum term of 15 years' imprisonment; a $20 million fine; or you could receive both the maximum fine and the maximum term of imprisonment.

You would be subject to a term of supervision following any period of incarceration of not less than 10 years and no more than life.

Each of you would have to pay a mandatory special assessment fee of $100.

Each of you would be ordered to make restitution to any identifiable victim to incur a financial loss as a result of this offense.

Mr. Hayward, your penalty provisions are the same.

Mr. Haseeb, your penalty provisions are the same.

Mr. Hunter, your penalty provisions are a mandatory minimum of a 25-year term of imprisonment, no more than life; a $20 million fine; or you could receive both the maximum fine and the maximum term of imprisonment. You would be subject to a term of supervision following any period of incarceration of not less than 10 years, no more than life.

I mention the potential maximum punishment to each of you not because I know what sentence I will impose if you enter a plea of guilty today but to let you know that you could receive a sentence of more than one year. Any law that a person violates that allows a judge to sentence them to more than a year in prison is what we

call a felony offense. If you enter a plea of guilty to Count 1 today, Count 1 is a felony, and you will be adjudicated guilty today.

That adjudication will deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm of any kind.

Do you understand that?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Now, Mr. Hunter, it's my understanding that you intend to enter a plea of guilty to a violation of Title 18 US Code Section 924(c) as set out in Count 7 of the Indictment.

The maximum punishment for Count 7 is a life -- I'm sorry -- mandatory minimum of five years, no more than life; a quarter million dollar fine; or you could receive both the maximum fine and the maximum term of imprisonment. You would be subject to a term of supervision following any period of incarceration of not more than five years. You would have to pay a mandatory $100 special assessment fee.

ATTORNEY ROLLER: Your Honor, if we could

clarify, for the record, with respect to Count 7, it's a mandatory consecutive.

THE COURT: Yes, it is consecutive. Which means you will not begin serving whatever time on that count until after you have finished serving whatever time on Count 1.

Now, as I said a moment ago, if you enter a plea of guilty here today, then I will later sentence you. And, as I said, I do not know exactly what your sentence will be. Any sentence that I would impose, though, will require me to consider the advisory Sentencing Guidelines.

Have you and your attorney discussed how the advisory Sentencing Guidelines may apply to your case?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: I'm sure that your attorney has given you their very best advice as to what they think the guidelines may require in your case, but do you know and understand that no one will be able to determine exactly and precisely what your sentence will be until after the Presentence Report is done? And, even after the Presentence Report is done, each side gets to review

it and to raise any objections they may have to it. So, for that reason, the sentence may be different than any estimate your lawyer may have given you.

Do you understand that?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, even if your lawyer has been able to accurately tell you what the guidelines may require, do you know and understand that the sentence could still be different than whatever the guidelines range is because the guidelines themselves allow me to take into account certain factors and impose a sentence more severe or less severe than what may ordinarily be called for by the guidelines.

Do you understand that?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: If addition to the guidelines, any sentence that I impose will require me to take into account the statutory sentencing factors that are set out

at 18 US Code Section 3553(a); and, for that reason, the sentence may be greater or lesser than the guidelines range, or greater or lesser than any estimate your lawyer may have given you.

Do you understand that?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: And do you know and understand that there is no way that anyone, including me -- and I'm the judge who will sentence you -- there's no way for anyone to tell you if there is a factor under the guidelines or -- the advisory Sentencing Guidelines or the statutory factors that's present in your case to such an extent that I might give you a sentence greater than the guidelines range or less than the guidelines range, or greater than any estimate your lawyer gave you or less than any estimate your lawyer may have given you.

Do you understand that?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: The point that I really want to make

sure that you gentlemen understand is that you could receive the maximum sentence or you could receive something much less than the maximum sentence, and there's no way for anyone to tell you right now precisely what your sentence will be.

Do you understand that?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that there's no parole in the federal system. So, if you receive a sentence of imprisonment, you will not be let go early on parole?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Gentlemen, ordinarily, if a person pleads guilty or if a person goes to trial and is found guilty, ordinarily, a person in that position may appeal their conviction, or their sentence, or both. Or they may later collaterally attack their conviction, or their sentence, or both.

Do you know and understand that, under the terms

of your Plea Agreement, that, with certain few limited exceptions that are specifically set out in your Plea Agreement, that you're giving up your right to do those things?

Do you understand that?

DEFENDANT THOMAS: Yes.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, absent that provision in your Plea Agreement, that if you could not afford the costs of an appeal, the Court could provide you with a free attorney and transcript so that you could?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that you do have a right to plead not guilty, as you have previously done, and that you may persist in that plea of not guilty throughout trial; and that you would have the right to a trial by jury?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, if you went to trial, you would be presumed to be innocent and the government would have to prove your guilt beyond a reasonable doubt and by competent evidence?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, if you went to trial, that you would have the right to have your attorney to assist you at trial and every other stage of the proceedings; and that you and your lawyer would have the right to see and hear all of the evidence and all of the witnesses, and to cross-examine them in your defense?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, if you went to trial, that you would have the right on your own part to decline to testify, unless you voluntarily chose to do so in your own defense?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, if you went to trial, you and your attorney could subpoena witnesses to come to court and testify in this matter?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, if you went to trial, that, if you chose not to testify or to put on any evidence at all, that those things could not be used against you in any way?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Do you know and understand that, if you enter a plea of guilty here today, that there will not be a trial later because you will be giving up your right to go to trial and all the rights that go along with a trial that I've just explained to you?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Now, I read to you Count 1 of the Indictment, the conspiracy charge.

To obtain a conviction of you at trial, the government would have to show several things, all beyond a reasonable doubt and by competent evidence.

They would have to show, first, that you and at least one other person in some way or manner came to a mutual understanding to try and accomplish a shared and unlawful plan, and the shared and unlawful plan in this instance is to possess or was to possess and possess with intent to distribute methamphetamine, actual.

To possess with intent to distribute a narcotic under the federal law means that your intention, working with this other person or persons, was to cause methamphetamine, actual, to be transferred from the possession of one person to the possession of someone else.

Secondly, they would have to show that you, knowing of the unlawful purpose of the plan, willfully -- that is, not by way of mistake or accident but fully understanding what you were doing and intending to do so, that you joined in the unlawful purpose of the plan.

The government would not have to show that you actually obtained or had in your possession any methamphetamine. All they would have to show is that you and this other person or persons were going to work toward obtaining with the intent to distribute actual methamphetamine.

Do you know and understand what it is the government would have to prove beyond a reasonable doubt and by competent evidence to obtain a conviction of you at trial?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: Before I may accept a plea of guilty from you, I must ask you some questions to satisfy myself that you are, in fact, guilty.

And, at this point, I'm going to be focusing on Mr. Thomas.

So these questions are directed to you, Mr. Thomas.

Mr. Thomas, are you the Braxton A. Thomas listed in Count 1 of the Indictment?

DEFENDANT THOMAS: Yes, sir.

THE COURT: Mr. Thomas, between October of 2021

and May of 2024, did you and at least one other person have an understanding wherein you and they would work together to possess and possess with intent to distribute methamphetamine?

DEFENDANT THOMAS: Yes, sir.

THE COURT: And did you enter into this understanding willfully and knowingly -- that is, not by way of mistake or accident but fully understanding what you and they would be working toward -- and intending to do so?

DEFENDANT THOMAS: Yes, sir.

THE COURT: Did you sign the Factual Resume which is part of the Plea Agreement in this case?

DEFENDANT THOMAS: Yes, sir.

THE COURT: And I'm incorporating by reference the Factual Resume into the plea colloquy.

Are you satisfied, Mr. Roller, with that factual basis for Count 1 as to Mr. Thomas?

ATTORNEY ROLLER: Yes, Your Honor.

THE COURT: Are you, Mr. Friedlander?

ATTORNEY FRIEDLANDER: Yes, Your Honor.

THE COURT: I'm moving on to Mr. Hayward now.

Mr. Hayward, are you the Dennis Carl Hayward, Junior, listed in Count 1 of the Indictment?

DEFENDANT HAYWARD: Yes, sir.

THE COURT: Mr. Hayward, between October of 2021 and May of 2024, were you in Mobile County, Alabama?

DEFENDANT HAYWARD: Yes, sir.

THE COURT: I take judicial notice that that is in the Southern District of Alabama.

And, during those times and in that place, did you have an understanding with at least one other person that you and they would work toward possessing with the intent to distribute actual methamphetamine?

DEFENDANT HAYWARD: Yes, sir.

THE COURT: And did you enter into this understanding knowingly and willfully; that is, not by way of mistake or accident?

DEFENDANT HAYWARD: Yes, sir.

THE COURT: Did you sign the Factual Resume which is part of the Plea Agreement?

DEFENDANT HAYWARD: Yes, sir.

THE COURT: I'm incorporating by reference the Factual Resume into the plea colloquy.

Are you satisfied, Mr. Roller, with that factual basis?

ATTORNEY ROLLER: Yes, Your Honor.

THE COURT: Are you, counsel?

ATTORNEY LOCKWOOD: Yes, Your Honor.

THE COURT: Mr. Haseeb, these questions are for

you.

Mr. Haseeb, are you the Dawaan A. Haseeb listed in Count 1 of the Indictment?

DEFENDANT HASEEB: Yes, sir.

THE COURT: Mr. Haseeb, between October of 2021 and May 2024, were you in Mobile County, Alabama?

DEFENDANT HASEEB: Yes, sir.

THE COURT: I take judicial notice that that is in the Southern District of Alabama.

And, Mr. Haseeb, during those times and in that place, did you and at least one other person have an understanding wherein you and they would work together to possess and possess with the intent to distribute methamphetamine, actual?

DEFENDANT HASEEB: Yes, sir.

THE COURT: And did you enter into this plan knowingly and willfully -- that is, not by way of mistake or accident but fully understanding what you were doing -- and intending to do so?

DEFENDANT HASEEB: Yes, sir.

THE COURT: Did you sign the Factual Resume which is part of the Plea Agreement?

DEFENDANT HASEEB: Yes, sir.

THE COURT: I'm incorporating the Factual Resume into the plea colloquy.

Mr. Roller, are you satisfied with that factual basis?

ATTORNEY ROLLER: Yes, Your Honor.

THE COURT: Mr. Deen?

ATTORNEY DEEN: Yes, Your Honor.

THE COURT: Mr. Hunter, these questions are directed toward you.

Mr. Hunter, are you the Larry Jerome Hunter listed in Count 1 of the Indictment?

DEFENDANT HUNTER: Yes, sir.

THE COURT: Mr. Hunter, between October of 2021 and May of 2024, were you in Mobile County, Alabama?

DEFENDANT HUNTER: Yes, sir.

THE COURT: I take judicial notice that that is in the Southern District of Alabama.

DEFENDANT HUNTER: Yes, sir.

THE COURT: And, during those times and in that place, did you have an understanding with at least one other person that you and they would work together to possess and possess with the intent to distribute methamphetamine, actual?

DEFENDANT HUNTER: Yes, sir.

THE COURT: And did you enter into this understanding knowingly and willfully -- that is, not by way of mistake or accident but fully understanding what

you were doing -- and intending to do so?
DEFENDANT HUNTER: Yes, sir.
THE COURT: Did you sign the Factual Resume which is part of the Plea Agreement in this case?
DEFENDANT HUNTER: Yes, sir.
THE COURT: I'm incorporating by reference the Factual Resume into the plea colloquy.
Are you satisfied with that factual basis?
ATTORNEY ROLLER: With one exception, Your Honor. With respect to Mr. Hunter, he's to be apprised as to the elements of Count 7.
THE COURT: Yes. I'm about to do that.
ATTORNEY ROLLER: With respect to Count 1, we are satisfied, Your Honor.
THE COURT: Counselor, are you satisfied with that factual basis?
ATTORNEY DEMPSEY: Yes, Your Honor.
THE COURT: All right.
Now, with respect to Count 7 -- and this is directed toward Mr. Hunter --
Mr. Hunter, are you the Larry Jerome Hunter listed in Count 7 of the Indictment?
DEFENDANT HUNTER: Yes, sir.
THE COURT: Mr. Hunter, on March 20, 2024, were you in Mobile County, Alabama?

DEFENDANT HUNTER: Yes, sir.

THE COURT: And, Mr. Hunter, on that day and in that place, did you knowingly possess the Glock Model 23 .40 caliber pistol that's listed in Count 7 of the Indictment?

DEFENDANT HUNTER: Yes, sir.

THE COURT: And did you possess that pistol in furtherance of the drug trafficking crime that you just pled guilty to?

DEFENDANT HUNTER: Yes, sir.

THE COURT: And did you sign the Factual Resume which is part of the Plea Agreement?

DEFENDANT HUNTER: Yes, sir.

THE COURT: I'm incorporating by reference the Factual Resume into Count 7 -- sorry -- into the plea colloquy.

Are you satisfied, Mr. Roller, with that factual basis?

ATTORNEY ROLLER: Yes, Your Honor.

THE COURT: Are you, counselor?

ATTORNEY DEMPSEY: Yes, Your Honor.

THE COURT: Now, gentleman, we're back to where we began with all of these questions being for you to answer as a group.

To the charges, how do you plead: Guilty or not

guilty?

DEFENDANT THOMAS: Plead guilty.

THE COURT: I need you to sequentially --

DEFENDANT THOMAS: Guilty plea.

DEFENDANT HAYWARD: Guilty.

DEFENDANT HASEEB: Guilty.

DEFENDANT HUNTER: Guilty.

THE COURT: It is the finding of the Court in the case of the United States versus Braxton A. Thomas and Dennis Carl Hayward, Junior, Dawaan Haseeb, and Larry Jerome Hunter, that the defendant is fully competent and capable of entering an informed plea, and that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

The pleas are, therefore, accepted, and the defendants are now adjudged guilty.

Gentlemen, let me explain to you in a little bit more detail how sentencing will occur.

The probation officer assigned to your case will conduct what's called a Presentence Investigation Report. Most likely, the probation officer will meet with you during the course of the investigation.

You have the absolute right to have your attorney present at any time that the probation officer meets with you in that process.

Once the investigation is done, a copy of the investigation will be sent to the US Attorney's Office and to your attorney to review.

If either side believes that the report contains any errors, the probation officer will schedule a meeting. The purpose of that meeting will be to resolve by agreement whatever the parties may be able to resolve by agreement. Those things that the parties cannot agree to will be carried forward to the sentencing hearing for me to decide.

At the sentencing hearing, each side may present any evidence and any arguments that they want me to consider about any matter that's still in dispute at that point.

In addition, you and your attorney may present any evidence and any arguments you want me to consider in mitigation; that is, to show that you should perhaps receive a more lenient sentence than what the law might otherwise require.

The government will be free to present whatever it wishes to the contrary.

I will consider all of the evidence, all of the

arguments, the advisory Sentencing Guidelines, the statutory sentencing factors that are set out at 18 US Code Section 3553(a), and the federal narcotics law at Title 21, and I will determine the appropriate sentence in your case.

Pending sentencing, it's my understanding that the government is not seeking to detain any of the defendants?

ATTORNEY ROLLER: That's right.

THE COURT: Gentlemen, I have received a report from the probation office that convinces me that you're not likely to flee. That is, I believe you will come back to court for sentencing and any other time you're required to be in court; and that, between now and sentencing, you will not pose a danger to any other person in the community. So I will continue you under the same conditions that you're currently under.

Let me tell you, though, something that each of you needs to know, and that is this: Even though you're under the same conditions that you've been serving under since you came into court and made your initial bond, the situation has changed. Each of you has pled guilty to at least one felony. The federal law says that, if a person pleads guilty to a felony or they go to trial and are found guilty of a felony, ordinarily, that person should

be taken into custody right then. I don't think that's necessary, so you will be free to go about your business between now and sentencing. But, if you violate any of the conditions of your release, then I would have very little room to allow you to be out on bond, because the federal law says that you should not be out on bond to be able to violate the conditions of your release. So it's very important in that regard for you that you continue to abide by the conditions.

But it's also important for you in ways that you may not realize right now. This is an important part of a criminal case, the guilt or innocence phase. And, now that you have admitted your guilt, some people think it's all over. Well, it's not. Particularly, for your lawyer.

Your lawyer, if could you read their mind, you would probably realize that they have about as many things to do now as they did if you were to have gone to trial, because there's a lot of things that have to be done to get a case ready for sentencing. A lot of things your lawyer will be doing, you will not actually see your lawyer doing it. Your lawyer will be reading things. He'll be talking to people, or she will. And there are just a multitude of things that they will be doing.

As it stands right now, the two of you can get

together at any time of the day or night that you-all want to talk about whatever needs to be done to get your case ready for sentencing. But, if you ended up having to be held where we keep people pending trial or pending sentencing, then all of that changes.

One way in which it changes is that they will not let your lawyer in at any time of the day or night into the places where we keep people that you might want to see them or they may want to see you. And your lawyer does have other clients that also need their assistance. So it becomes much more difficult for them to help get your case ready for sentencing if you're in custody.

Beyond all of that, you've got your own personal business to attend to, and this will allow you to do that.

So it's very important for you to continue to abide by the conditions of your release.

Do you understand the conditions of your release?

DEFENDANT THOMAS: Yes, sir.

DEFENDANT HAYWARD: Yes, sir.

DEFENDANT HASEEB: Yes, sir.

DEFENDANT HUNTER: Yes, sir.

THE COURT: All right. I am going to sentence you, Mr. Thomas -- in fact, I'm going to sentence all of

you on October the 30th.

Mr. Thomas, I am setting your sentencing for 11:00.

Mr. Hayward, yours will be at 11:30.

Mr. Haseeb, yours will be at 1:30.

And, Mr. Hunter, yours will be at 2:00 p.m.

Anything you further, Mr. Roller?

ATTORNEY ROLLER: No, Your Honor.

THE COURT: Counselors, anything else before we adjourn?

ATTORNEY DEEN: No, Your Honor.

ATTORNEY LOCKWOOD: No, Your Honor.

THE COURT: Very well. Court is adjourned.

[PROCEEDINGS IN RECESS]

OFFICIAL COURT REPORTER'S CERTIFICATE

I (we) certify that the foregoing is a correct transcript of proceedings in the above-entitled matter.

*/S/ Susan A. Zielie, CVR-CM-S, FCRR*
Susan A. Zielie, CVR-CM-S, FCRR
December 30, 2025